UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**MALAIKA LIGGINS**,
an individual,
Plaintiff,

Hon.
Case No:

v.

**YWCA WEST CENTRAL MICHIGAN f/k/a
YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GRAND RAPIDS,**
a Non-Profit Company
**AMY LOYD** an individual,
**EILEEN MCKEEVER,**
an individual,
jointly and severally
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.*,

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

1

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant YWCA West Central Michigan f/k/a Young Women's Christian Association of Grand Rapids ("YWCA") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant YWCA's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant YWCA employs more than two persons.

13. Defendant YWCA is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

15. Plaintiff Malaika Liggins is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant YWCA West Central Michigan f/k/a Young Women's Christian Association of Grand Rapids (hereinafter referred to as "YWCA") is a nonprofit company whose registered office is located at 25 Sheldon Ave SE Grand Rapids, MI 49503 USA.

18. Defendant YWCA'S headquarters is located at 1400 I Street NW, Suite 325 Washington, DC 20005

19. Defendant YWCA is a social services organization.

20. Defendant Amy Loyd (hereinafter referred to as "Amy") is an individual who at all times relevant to this complaint and was Plaintiff's direct supervisor, set Plaintiff's schedule, directed Plaintiff's activities at work, and set Plaintiff's rate of compensation.

21. Defendant Eileen McKeever (hereinafter referred to as "McKeever") is an individual who at all times relevant to this complaint and was Plaintiff's direct supervisor, set

3

Plaintiff's schedule, directed Plaintiff's activities at work, and set Plaintiff's rate of compensation.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff began her employment for Defendants in approximately March 2023 from August 2024.

24. When the Plaintiff was first hired she was to be and advocate, which her responsibilities entailed: Responding to emails and/or messages from participants, contact participants, assist participants with housing and walked them through the process, offer crisis intervention, case management, and advocacy while connecting clients to resources like housing, counseling, and legal aid.

25. After one week of employment, Plaintiff was promoted to a Coordinator of Rapids Re-Housing.

26. Despite this promotion, Plaintiff did not receive a pay increase and continued to perform the duties and responsibilities as Advocate.

27. Plaintiff raised her concerns about her compensation regarding her promotion and was informed that the title she was assigned was solely to secure funding.

28. Plaintiff's regular work schedule was Monday and Friday from 9 am to 5 pm and Tuesday, Wednesday, and Thursday from 8:30 am to 4:30 pm averaging 50 to 60 hours per week, which varied depending on the workload.

29. Plaintiff would often worked through her lunches.

4

30. Plaintiff was informed by Defendant McKeever that she needed to have her work phone with her and turned on at all times and that she needed to be available 24 hours 7 days a week.

31. Plaintiff kept track of her time on an online system and submitted her hours to Defendant Lloyd on a weekly basis.

32. Defendant Lloyd assured Liggins that the submitted hours would be adjusted to reflect her actual work hours including the overtime hours.

33. Plaintiff consistently reported eight hours per workday, relying on Defendant Lloyd's assurance that her submitted hours would be adjusted to reflect the actual hours she worked.

34. Plaintiff's pay did not reflect any adjustments for overtime or additional hours worked beyond the 40-hour workweek.

35. Plaintiff raised concerns regarding her hours, but her complaints were disregarded.

36. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

37. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

38. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

39. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

40. Defendants interfered with Plaintiff's employment at YWCA in direct retaliation for Plaintiff inquiring and complaining about Defendants' pay practices and then being terminated in retaliation.

41. Plaintiff's work habits had not changed; there were no occurrences that would give Defendants cause to terminate Plaintiff.

42. Defendants chose to interfere with Plaintiff's employment at YWCA due to her being vocal about their failure to properly pay her for the hours worked.

43. Defendants interfered with Plaintiff's employment at YWCA either solely or in part for her having inquired and complained about their unlawful pay practices and what Plaintiff believed was the failure to properly pay her as required by law.

### WILLFUL VIOLATIONS OF THE FLSA

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

45. Defendant YWCA is a sophisticated business with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

46. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

47. Defendants knew or should have known that terminating Plaintiff in retaliation was a violation of the FLSA. 29 U.S.C.A. § 215(a)(3).

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

48. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

6

49. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

51. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

52. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

53. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

54. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

55. Defendants' violations of the FLSA were knowing and willful.

56. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA, an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

57. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**

**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT,**
**M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY OVERTIME**

58. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

59. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

60. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

61. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

62. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work, and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

63. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

64. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

65. As a result of Defendant's violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
**AVANTI LAW GROUP PLLC**
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
**AVANTI LAW GROUP PLLC**
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807

10

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2025-01-28

/s/ *Malaika Liggins*
Malaika Liggins